IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| TERRANCE LAVON JONES, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:17-02795 |
| ) | |
| BARBARA RICKARD, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody and Amended Petition.[1] (Document Nos. 1, 2, and 8.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application and Amended Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application and Amended Petition should be dismissed.

**FACT AND PROCEDURE**

A.   **Criminal Action No. 4:11-cr-00059:**

On September 14, 2011, Petitioner pled guilty in the Eastern District of North Carolina to one count of conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C § 846 (Count One). United States v. Jones, Case No. 4:11-cr-00059 (E.D.N.C. Jan. 11, 2012), Document No. 36. The District Court determined Petitioner was a career offender under U.S.S.G. § 4B1.1. On January 11, 2012, the District Court

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

sentenced Petitioner to a 188-month term of imprisonment, to be followed by a five-year term of supervised release. Id., Document No. 53. The District Court further imposed a $100 special assessment and a $2,500 fine. Id. Petitioner did not file a direct appeal.

**B.     First Section 2255 Motion:**

On September 17, 2012, Petitioner filed in the Eastern District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 60. In his Motion, Petitioner asserted that trial counsel was ineffective regarding his career offender enhancement. Id. Specifically, Petitioner argued that he should not have been classified as a career offender because his state sentence did not qualify him for a career offender enhancement. Id. On October 16, 2012, the United States filed a Motion to Dismiss. Id. Document No. 63. The United States argued that to the extent Petitioner was relying upon United State v. Simmons, 649 F.3d 237 (4th Cir. 2010), his argument was without merit. Id. The United States explained that Petitioner's North Carolina state conviction was a Class G felony offense that does qualify under Simmons as a predicate offense for purposes of the career offender classification. Id. On October 31, 2012, Petitioner filed his Response. Id., Document No. 65. By Memorandum Opinion and Order entered on April 3, 2014, the District Court granted the United States' Motion to Dismiss and denied Petitioner's Section 2255 Motion. Id., Document Nos. 69 and 70. The District Court determined that "[t]o the extent that petitioner relies on United States v. Simmons, such reliance is misplaced as his challenged North Carolina felony conviction was a Class G felony offense that does qualify as a predicate offense for purposes of career offender status." Id. The District Court further noted that trial counsel did not act ineffectively because counsel did challenge Petitioner's designation as a career offender on the same basis that Petitioner now asserts, and such was overruled by the Court. Id.

C.  **Second Section 2255 Motion:**

On May 16, 2014, Petitioner filed in the Eastern District of North Carolina his second Section 2255 Motion. Id., Document No. 71. By Order entered on May 22, 2014, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document Nos. 74 and 75.

D.  **First Motion for Authorization to File a Successive Section 2255 Motion:**

On June 6, 2014, Petitioner filed his Motion for Authorization to File a Successive Section 2255 Motion with the Fourth Circuit. In re. Jones, Case No. 14-274 (4th Cir. 2014), Document No. 2. In support, Petitioner argued he had newly discovered evidence. Id. Specifically, Petitioner stated that a police officer involved in his case "was found guilty for falsifying evidence and my lawyer failed to investigate." Id. By Order filed on June 23, 2014, the Fourth Circuit denied Petitioner's Motion. Id., Document No. 4.

E.  **Third Section 2255 Motion:**

On August 7, 2015, Petitioner filed in the Eastern District of North Carolina his third Section 2255 Motion. Id., Document No. 80. By Order entered on November 10, 2015, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document Nos. 83 and 84.

F.  **Second Motion for Authorization to File a Successive Section 2255 Motion:**

On April 21, 2016, Petitioner filed his Motion for Authorization to File a Successive Section 2255 Motion with the Fourth Circuit. In re. Jones, Case No. 16-38 (4th Cir. 2016), Document No. 2. In support, Petitioner argued he was entitled to relief based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). Id. Petitioner argued that under Johnson, he was improperly classified as a career offender because his predicate offenses may no

longer be used for enhancement purposes. Id. By Order filed on May 2, 2016, the Fourth Circuit denied Petitioner's Motion. Id., Document No. 5. The Fourth Circuit concluded that "[t]he District Court deemed Jones a career offender based on two prior drug convictions that were in no way affected by Johnson." Id.

G.      **Third Motion for Authorization to File a Successive Section 2255 Motion:**

On March 28, 2017, Petitioner filed his Motion for Authorization to File a Successive Section 2255 Motion with the Fourth Circuit. In re. Jones, Case No. 17-179 (4th Cir. 2017), Document No. 2. In support, Petitioner first argued that he was subjected to prosecutorial misconduct because an officer involved in his case was later convicted of defrauding the justice system. Id. Second, Petitioner argued he was entitled to relief based upon Mathis v. United States, 136 S.Ct. 2243 (2016). Id. Specifically, Petitioner argued that he no longer qualified as a career offender. Id. By Order filed on April 11, 2017, the Fourth Circuit denied Petitioner's Motion. Id., Document No. 5.

H.      **Instant Section 2241 Petition:**

On May 8, 2017, Petitioner filed his instant Section 2241 Petition. (Civil Action No. 1:17-02795, Document Nos. 1 and 2.) First, Petitioner argues that the sentencing court improperly determined Petitioner met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1. (Id.) Petitioner contends that he is entitled to relief because his prior convictions no longer qualify as a predicate offense in the wake of the Supreme Court's decision in Mathis v. United States, 136 S.Ct. 2243 (2016) and Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Id. Second, Petitioner claims that he was subjected to prosecutorial misconduct because an officer involved in his case was later convicted of defrauding the justice system. Id. Petitioner argues that he can meet the requirements of the

4

savings clause. Id. Petitioner explains that relief under Section 2255 is inadequate because the Fourth Circuit has denied him authorization to file a successive Section 2255 Motion based upon both of the foregoing arguments. Id. Therefore, Petitioner requests that this Court vacate his sentence. Id.

On April 6, 2018, Petitioner filed an Amendment to his Section 2241 Petition. (Id., Document No. 8.) Specifically, Petitioner amends his Section 2241 Petition to cite United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). (Id.) Petitioner states that Wheeler further supports his claim that Section 2255 inadequate and he is entitled to relief under Section 2241. (Id.) On March 12, 2020, Petitioner filed a letter-form Notice citing Allen v. Ives. (Id., Document No. 11.) Petitioner states that under Allen, his "state conviction of a 10-month sentence should not be used as a predicate for career offender status." (Id.)

I.     **Motion to Reduce Sentence Pursuant to First Step Act of 2018:**

On April 3, 2019, Petitioner filed in the Eastern District of North Carolina a Motion to Reduce Sentence pursuant to the First Step Act of 2018. Jones, Case No. 4:11-cr-00059, Document No. 98. By Order entered on December 18, 2019, Petitioner was appointed counsel for the sole purpose of determining whether Petitioner might be entitled to relief under the First Step Act. Id., Document No. 100. On February 25, 2020, appointed counsel filed a Motion to Withdraw as Counsel. Id., Document No. 102. In support, counsel stated as follows: "After a thorough review of Mr. Jones's case file for First Step Act issues, including contemporaneous notice to the defendant of undersigned's analysis and conclusion, the undersigned does not intend to present any motions before the Court." Id. Petitioner's Motion is currently pending.

**ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the

Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones

properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence as imposed by the Eastern District of North Carolina. Specifically, Petitioner contends that his sentence is now invalid in light of Mathis and Descamps. Citing Mathis and Descamps, Petitioner argues that his prior conviction no longer qualifies as a predicate offense for purposes of designating him as a career offender under the Guidelines. In further support, Petitioner cites Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020). In Allen, the Ninth Circuit determined that a defendant may challenge his career offender status pursuant to a Section 2241 petition and the Supreme Court's decisions in Mathis and Descamps are retroactive. See Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020). Next, Petitioner argues that he was subjected to prosecutorial misconduct because an officer involved in his case was later convicted of defrauding the justice system in connect with her duties as an officer.[2] Thus, Petitioner requests that his conviction and sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

---

[2] Petitioner states that the former officer was accused of stealing $9,100 in cash. As an Exhibit to his Motion to File a Successive Section 2255 Motion, Petitioner attached a copy of a newspaper article detailing the charges against the former detective. *In re Jones*, Case No. 17-179, Document No. 2-2, pp. 22 - 25. The article reveals that the detective was charged with using her official capacity as an officer to gain access to the apartments of two men and stealing cash. *Id.*

> excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). Petitioner has sought authorization based upon both of the foregoing claims, and the Fourth Circuit denied Petitioner authorization to file a successive Section 2255 Motion.

allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

9

aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

Mathis and Descamps[5] is misplaced as neither apply retroactively in this Circuit. See Cox v. Wilson, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Petitioner's reliance upon Allen is without merit because Petitioner was convicted in the Eastern District of North Carolina, which is located within the Fourth Circuit. Allen is a Ninth Circuit decision, which is non-binding authority upon courts located within the Fourth Circuit. Therefore,

---

[5] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." Id. In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the

Petitioner cannot satisfy the second requirement of the Wheeler test. See Melancon v. Saad, 2018 WL 3653290, * 5 (N.D.W.Va. July 9, 2018)(dismissing 2241 petition where petitioner challenged the validity of his sentence based upon *Mathis* and *Descamps*). Finally, as stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition and Amended Petition (Document Nos. 1, 2, and 8) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

ACCA, courts should use the categorical approach if the state statute is "indivisible."

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 31, 2020.

Omar J. Aboulhosn
United States Magistrate Judge