IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TERRANCE LAVON JONES,

    Petitioner,

v.                         CIVIL ACTION NO. 1:17-02795

BARBARA RICKARD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on March 31, 2020, in which he recommended that the court dismiss petitioner's § 2241 petition and amended petition, and remove this case from the court's active docket.  (See ECF No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a *de novo* review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Petitioner filed objections on April 23, 2020.

I.    **Factual Background**

Petitioner is serving a 188-month sentence (followed by a five year-term of supervised release) imposed on January 11, 2012, pursuant to his September 14, 2011 guilty plea to one count of conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base.  In sentencing petitioner, the district court in the Eastern District of North Carolina deemed him a career offender.  Petitioner did not directly appeal.

Thereafter, petitioner filed three motions under 28 U.S.C. § 2255, all of which were rejected.  He filed his second and third § 2255 motions notwithstanding the Fourth Circuit's rejection of both of his motions for authorization to file successive § 2255 petitions.  On May 8, 2017, less than a month after the Fourth Circuit denied his third request to file a successive § 2255 petition, petitioner filed this motion under § 2241.

In this motion, petitioner argues that the sentencing court erroneously deemed him a career offender.  He says that his claims fall under the savings clause of § 2255(e) on two grounds.  First, he points to Mathis v. United States, 136 S. Ct. 2243 (2016) and Descamps v. United States, 570 U.S. 254 (2013).  Second, he points to alleged prosecutorial misconduct in his criminal case.

2

## II.  <u>Petitioner's Objections</u>

Petitioner submitted 22 pages in response to the PF&R, but it is not until page 20 that he actually attempts to respond to it.  Pages 1 to 19 simply provide a personal narrative or offer argument on various legal principles (with headers such as "Warrantless Search and Seizures"), without reference to the PF&R.  Pages 14 to 16 repeat petitioner's argument that "[t]he district court erred in designating Petitioner a career criminal."  (ECF No. 15, at 16.)  Petitioner also states that since filing his petition, he has been moved to a federal prison in the Eastern District of North Carolina.  He suggests that this court has "abused its discretion by failing to submit the 28 U.S.C. 2241 to the North Carolina Court."  (<u>Id.</u> at 19.)

The header to page 20 (the second-to-last page) has as its header "RESPONSE TO MAGISTRATE JUDGE."  But on close review, even this final section is not responsive to the PF&R.  Rather, it merely argues that had petitioner's appointed counsel in a petition under the First Step Act (not before this court) not been ineffective, his counsel "would have found that Petitioner is not a Career Criminal under 21 USC 802(44)."  (<u>Id.</u> at 21-22.)  Finally, petitioner states, "The prosecutor committed fraud against the court.  The court continues to perpetrate the fraud by color of law."  (<u>Id.</u> at 22.)

III. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, *de novo* review is not required and is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections
to a PF&R, courts are "under an obligation to read a *pro se*
litigant's objections broadly rather than narrowly."  Beck v.
Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2
(W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48).
However, objections that are "unresponsive to the reasoning
contained in the PF&R" are irrelevant and must be overruled.
Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7,
2009) (citing Orpiano, 687 F.2d at 47).

## IV.   Discussion

As petitioner states that he "does NOT CONCUR" in the PF&R,
he presumably objects to the overall conclusion that his 28
U.S.C. § 2241 motion does not fall within the § 2255(e) "savings
clause" and therefore must be dismissed.  Petitioner also says
that this court has abused its discretion by failing to transfer
his petition to the district to which petitioner was transferred
during the pendency of his § 2241 motion.  Although petitioner
does not object with sufficient specificity to any element of
the PF&R, the court will respond to the petitioner's general
objection to the overall conclusion of the PF&R and to
petitioner's claim that this court has abused its discretion.

### A.   *Savings Clause*

"[I]t is well established that defendants convicted in
federal court are obliged to seek habeas relief from their

convictions and sentences through § 2255." Rice v. Rivera, 617
F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192,
1194 (4th Cir.1997) (en banc)). There is, however, an exception
under § 2255(e) known as the "savings clause." See
Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019). As the
Fourth Circuit has explained, "The savings clause provides that
an individual may seek relief from an illegal detention by way
of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he
or she can demonstrate that a § 2255 motion is 'inadequate or
ineffective to test the legality of his detention.' 28 U.S.C.
§ 2255(e)." United States v. Wheeler, 886 F.3d 415, 419 (4th
Cir. 2018).

    The test for whether the savings clause applies in this
circuit comes from In re Jones, 226 F.3d 328, 334 (4th Cir.
2000). In Wheeler, the Fourth Circuit expanded the Jones test
to include challenges to "fundamental sentencing errors" (as
opposed to only convictions) and set forth a slightly modified
version of the test for such errors: (1) at the time of
sentencing, settled law of this circuit or the Supreme Court
established the legality of the sentence; (2) subsequent to the
prisoner's direct appeal and first § 2255 motion, the
aforementioned settled substantive law changed and was deemed to
apply retroactively on collateral review; (3) the prisoner is
unable to meet the gatekeeping provisions of § 2255(h)(2) for

second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 428-29. (citing Jones, 226 F.3d at 333-34 & n.3).

Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See Hood v. United States, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Hayes v. Ziegler, No. 5:11-CV-00261, 2014 WL 670850, at *6 (S.D.W. Va. Feb. 20, 2014), aff'd, 573 F. App'x 268 (4th Cir. 2014).

Petitioner's claim fails prong two of the Wheeler test.  He cannot rely on Mathis and Descamps to meet prong two because, as Magistrate Judge Aboulhosn correctly points out, these decisions do not apply retroactively on collateral review in the Fourth Circuit.  See PF&R at pp. 10-12 and authorities cited therein; see also Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) ("Mathis did not announce a substantive change to the law. Rather, these cases reiterated and clarified when to apply the categorical approach or the modified categorical approach"); Diaz v. Warden, CIVIL ACTION NO. 5:18-cv-00248, 2019 WL 6717635, *1 (S.D.W. Va. Dec. 10, 2019) ("District courts within the Fourth Circuit have determined that Descamps merely crystallized its previous rulings and has not been applied retroactively on collateral review . . . . Similarly, the Supreme Court's decision in Mathis sets forth a procedural rule that has not been made retroactive on collateral review.") (internal citations and quotations omitted); Barnes v. Bragg, C/A No. 1:18-1181-JFA-SVH, 2018 WL 4557085, *3 (D.S.C. June 14, 2018) ("Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241. Petitioner is not able to meet the savings clause in In re Jones, as neither Descamps or Mathis have decriminalized the criminal conduct . . . for which Petitioner was convicted.  Petitioner is also unable to meet the Wheeler savings clause, as neither Descamps or Mathis

8

announced a new rule of law retroactively applied on collateral
review."); <u>United States v. Saunders</u>, 2017 WL 1612542, at *3
(W.D. Va. Apr. 28, 2017) (holding that "<u>Mathis</u> did not announce
a new rule of law" and recognizing "'courts applying <u>Mathis</u> have
consistently reached the same conclusion'") (quoting <u>United
States v. Taylor</u>, 672 F. App'x 860, 864 (10th Cir. 2016)).

As the PF&R acknowledges, petitioner relies on a recent,
divided Ninth Circuit case holding that <u>Mathis</u> and <u>Descamps</u> do
apply retroactively on collateral review.  See <u>Allen v. Ives</u>,
950 F.3d 1184, 1191 (9th Cir. 2020) ("We take the opportunity to
clarify that <u>Mathis</u> and <u>Descamps</u> apply retroactively when a
court reviews a criminal judgment in the course of addressing a
§ 2241 petition or a first § 2255 motion.")  But the law of the
Fourth Circuit—not the Ninth Circuit—applies to petitioner's
motion.  Therefore, <u>Allen</u> is unavailing to petitioner.

Petitioner's claim also fails on prong four of the <u>Wheeler</u>
test.  Under that prong, petitioner must establish that in light
of a retroactive change in the law, "the sentence now presents
an error sufficiently grave to be deemed a fundamental defect."
<u>Wheeler</u>, 886 F.3d at 429.  But the Fourth Circuit has stated in
no uncertain terms that an erroneous career offender designation
in the context of a sentencing under advisory—not mandatory—
guidelines does not rise to the level of a fundamental error.
<u>Braswell v. Smith</u>, 952 F.3d 441, 450 (4th Cir. 2020) ("We make

clear, however, that Appellant's satisfaction of prong four is based on the increase in his mandatory minimum, *not on his career offender designation*.  As we stated in United States v. Foote, a 'fundamental defect or a complete miscarriage of justice' has not occurred where the petitioner was sentenced as a career offender 'under an advisory Guidelines scheme.'  784 F.3d 931, 932, 941 (4th Cir. 2015)." (emphasis added)).  Petitioner's claim that the sentencing court erroneously determined that he was a career offender under advisory sentencing guidelines is simply not a claim of a "fundamental" error under Wheeler.  See Foote, 784 F.3d at 942 ("[W]e are not persuaded that Appellant's career offender designation is a defect of a 'fundamental' nature.  Courts have not used the term 'fundamental' lightly.").  Had petitioner been sentenced under a *mandatory* guideline scheme, the result on this prong would likely be different.  See Lester v. Flournoy, 909 F.3d 708, 716 (4th Cir. 2018) ("Where, as here, an erroneous career offender designation raises a defendant's mandatory prison term from a maximum of 12 ½ years to a minimum of almost 22, the resulting sentence is fundamentally defective.").

Petitioner was sentenced in federal court in 2011.  This was well after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which "stripped the Sentencing Guidelines of legal force and made them purely advisory."

10

Lester, 909 F.3d at 710.  Therefore, petitioner cannot satisfy the fourth prong of the Wheeler test:  a sentence that "presents an error sufficiently grave to be deemed a fundamental defect." 886 F.3d at 429.

Petitioner's objections are **OVERRULED**.

### B.   *Transfer*

Petitioner says that this court abused its discretion by not transferring this case to the Eastern District of North Carolina when he was transferred to a prison within that district during the pendency of this case.  Quite the contrary: It would have been improper for the court to make such a transfer.

"The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  A court may not transfer a § 2241 motion to a district in which the motion could not have originally been filed.  Parker v. Hazelwood, No. 17-CV-484-LM, 2019 WL 4261832, at *6 (D.N.H. Sept. 9, 2019).  In Parker, the court explained,

> In the interests of justice and efficiency, the court would
> prefer to transfer this action to the Eastern District of
> Virginia, rather than dismiss it without prejudice.
> Unfortunately, this court lacks the power to do so under
> any of the applicable transfer statutes, which all limit
> transfer to a district where the action could have been
> brought in the first instance. See 28 U.S.C. §§ 1404(a),

> 1406(a), 1631; <u>Hoffman v. Blaski</u>, 363 U.S. 335, 342-44
> (1960).

Here, petitioner was incarcerated at FCI McDowell when he filed his petition.  (<u>See</u> ECF 1.)  FCI McDowell is in the Southern District of West Virginia.  Therefore, he could not have originally filed his motion in the Eastern District of North Carolina, which means that this court could not have transferred petitioner's case there even if it were inclined to do so. Petitioner's claim that this court abused its discretion by not transferring his case lacks merit.

Petitioner's objection is **OVERRULED.**

## V.   <u>Conclusion</u>

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1.   Petitioner's petition and amended petition for writ of habeas corpus under 28 U.S.C. § 2241 are **DISMISSED;**

2.   The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the

constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 30th day of September, 2020.

ENTER:

David A. Faber
Senior United States District Judge

13